FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DANIEL ROMERO-ROMERO,<br>        Defendant. | No. 4:18-CR-06049-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant Daniel Romero-Romero's Motion to Dismiss, ECF No. 27. The Court held a hearing on this Motion on March 11, 2019.[1] Defendant was present and represented by Paul E. Shelton.[2] Richard Cassidy Burson appeared on behalf of the U.S. Attorney's Office (USAO).[3] At the hearing, the Court heard arguments from both parties and took the Motion under advisement. The Court denied the Motion to Dismiss, ECF No. 27, and elaborates on its decision below. The following memorandum supplements the Court's ruling and corrects where necessary.

/

---

[1] ECF No. 31.
[2] *Id.*
[3] *Id.*

## I. INTRODUCTION

Defendant is charged with being an alien in the United States after deportation in violation of 8 U.S.C. § 1326.[4] Defendant has moved to dismiss the case, arguing that the original deportation order on which the indictment relies is invalid under the recent United States Supreme Court case, *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).[5] Defendant alleges that the notice to appear with which he was served during his original 2012 deportation proceedings failed to provide a specific date and time for the removal proceeding.[6] He interprets *Pereira* to hold that a notice to appear with such alleged defects failed to vest the immigration judge with jurisdiction over Defendant's deportation.[7] Accordingly, Defendant argues that because the immigration judge did not have jurisdiction, his original deportation is invalid and the Government cannot prove an essential element to convict him under 8 U.S.C. § 1326.[8]

The Government opposes Defendant's Motion and argues that intervening case law from the United States Court of Appeals for the Ninth Circuit has explicitly rejected Defendant's argument and interpretation of *Pereira*.[9] Defendant replies that

---

[4] ECF No. 1.
[5] *See generally* ECF No. 27.
[6] *See* ECF No. 27 at 5–7.
[7] *Id.*
[8] *See generally* ECF No. 27.
[9] *See generally* ECF No. 28. The Government also argues that Defendant has not satisfied his burden for challenging the criminal indictment under 8 U.S.C. § 1326(d). *See* ECF No. 28 at 12–17. However, this Court has held that a defendant may challenge a deportation order issued from a court lacking jurisdiction in a subsequent criminal case in which that order is used as an element, without meeting the § 1326(d) factors. *See, e.g.*, *United States v. Bastide-Hernandez*, No. 1:18-cr-02050-SAB, 2018 WL 7106977 at *8 (E.D. Wash. Dec. 20, 2018). The Court therefore declines to address this argument in its analysis.

the Court should not apply the intervening case law as binding precedent due to flaws in the opinion's reasoning, and advances a new argument that Defendant's notice of hearing was deficient and therefore precluded jurisdiction.[10] For the reasons outlined below, the Court finds the immigration judge was properly vested with jurisdiction and denies Defendant's Motion to Dismiss.

## II. Facts and Procedural History

Defendant is a Mexican citizen.[11] He was a lawful permanent resident in the United States from 1993 until June 21, 2012, when he was served with a notice to appear for removal proceedings.[12] The notice to appear set forth that Defendant had been "convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct," thereby rendering him removable.[13] The notice to appear specified his crimes, but did not state a date or time for his removal proceedings.[14] Instead, the notice stated that the proceedings would take place on "a date to be set" and at "a time to be set."[15]

Six days later, the immigration court sent a document entitled "Notice of Hearing in Removal Proceedings" to Defendant, care of the custodial officer at the immigration detention center at which he had been detained.[16] The notice of hearing stated that Defendant's removal proceedings would take place on July 17, 2012 at

---

[10] *See generally* ECF No. 30.
[11] ECF No. 27 at 2.
[12] ECF No. 27-2 at 2.
[13] *Id.* at 1.
[14] *Id.* at 1 & 3.
[15] *Id.* at 1.
[16] ECF No. 27-4.

8:30 a.m., and listed the address of the immigration court.[17] The parties confirmed at the Motions hearing on March 11, 2019 that Defendant was present during the removal proceedings on July 17, 2012.

Since 2012, Defendant has continued to return to the United States illegally, get convicted, and be deported. Prior to the present matter, Defendant was convicted twice of being an alien in the United States after deportation in violation of 8 U.S.C. § 1326.[18] Each time he was deported and forbidden to return to the United States.[19] He is charged under the same statute in the present matter.[20]

### III. <u>Legal Standard</u>

A defendant may move to dismiss an indictment on the grounds that the indictment "fail[s] to state an offense."[21] In considering whether an indictment fails to state an offense, the Court is "bound by the four corners of the indictment."[22] The Court must therefore "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."[23] A motion to dismiss an indictment may generally be heard pre-trial if it "involves questions of law rather than fact."[24]

---

[17] *Id.*
[18] *See United States v. Romero–Romero*, 2:13-CR-06032-EFS at ECF No. 39; *United States v. Romero–Romero*, 4:15-CR-06027-EFS at ECF No. 40.
[19] *Id.*
[20] ECF No. 1.
[21] F<small>ED</small> R. C<small>RIM</small>. P. 12(b)(3)(B)(v).
[22] *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted).
[23] *Id.* at 914 (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).
[24] *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (citations omitted).

"A defendant charged under [8 U.S.C.] § 1326 has a due process right 'to collaterally attack his removal order because the removal order serves as a predicate element of his conviction.'"[25] Section 1326 generally requires defendants challenging their indictment to demonstrate that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."[26] However, this Court has held that a defendant may challenge a deportation order issued from a court lacking jurisdiction in a subsequent criminal case in which that order is used as an element, without meeting the § 1326(d) factors.[27]

## IV. Discussion

The central issue in Defendant's Motion is whether a notice to appear that fails to state the time and date of removal proceedings properly vests jurisdiction in the immigration judge.[28] The Ninth Circuit issued its ruling in *Karingithi v. Whitaker*[29] only days after Defendant filed his Motion to Dismiss addressing this exact issue.[30] The *Karingithi* Court held that an immigration judge was vested with

---

[25] *United States v. Raya–Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014).
[26] 8 U.S.C. § 1326(d).
[27] *See, e.g.*, *Bastide–Hernandez*, 2018 WL 7106977 at *8.
[28] The notice to appear Defendant received contained the address of the court at which the removal proceedings would take place. ECF No. 27-2 at 1.
[29] Defense Counsel notes that William P. Barr has been substituted as the Respondent in the appeal record. ECF No. 30 at 1 n. 2.
[30] *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019).

jurisdiction over removal proceedings even though the notice to appear lacked a date and time for the proceedings.[31]

In so holding, the Court first stated that the Immigration Nationality Act ("INA") regulations govern when an immigration judge's jurisdiction vests, and therefore define the requirements for a notice to appear, not the INA statutes.[32] Under the regulations, "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court[.]"[33] In removal proceedings, a "charging document" includes a notice to appear.[34]

The INA statutes and regulations both define "notice to appear." Both the regulations and statutes require substantially similar information in notices to appear,[35] but differ regarding the date, time, and place of removal hearings. Under 8 U.S.C. § 1229, a notice to appear must include "[t]he time and place at which the [removal] proceedings will be held."[36] However, regulation 8 C.F.R. § 1003.18(b) states that the immigration court must only provide "the time, place and date of the initial removal hearing[] *where practicable*."[37]

The *Karingithi* Court held that because an immigration judge is vested with jurisdiction through the regulations, the regulatory definition of a notice to appear

---

[31] *Id.* at 1160.
[32] *See id.*
[33] 8 C.F.R. § 1003.14(a).
[34] 8 C.F.R. § 1003.13.
[35] *Compare* 8 U.S.C. § 1229(a)(G)(i) *with* 8 C.F.R. § 1003.15(b).
[36] 8 U.S.C. §1229(a)(G)(i).
[37] 8 C.F.R. §1003.18(b) (emphasis added).

governs when a notice to appear is sufficient to vest jurisdiction.[38] The regulations do not require that a notice to appear contain time and date information—rather, that it be included only "where practicable."[39] The Court held "[a] notice to appear need not include time and date information to satisfy [jurisdiction]."[40]

The Court further found that *Pereira* "dealt with an issue distinct from the jurisdictional question confronting [the panel]" in *Karingithi*, and therefore does not "point to a different conclusion."[41] The Court reasoned that *Pereira*'s holding was limited to the "narrow issue"[42] of whether a notice to appear that does not contain the time and date of a removal hearing triggers the stop-time rule.[43] The panel was particularly persuaded because the *Pereira* Court's "analysis hinges on 'the intersection' of two statutory provisions: § 1229b(d)(1)'s stop-time rule and § 1229(a)'s definition of a notice to appear."[44] The panel emphasized that while 8 U.S.C. § 1229b(d)(1) specifically references a notice to appear under 8 U.S.C. § 1229(a), "the regulations do not reference § 1229(a), which itself makes no

---

[38] *Karingithi*, 913 F.3d at 1160.
[39] 8 C.F.R. § 1003.15(b); *see also Karingithi*, 913 F.3d at 1160.
[40] *Karingithi*, 913 F.3d at 1160.
[41] *Id.* at 1160–61.
[42] *Pereira*, 138 S. Ct. at 2110.
[43] *Karingithi*, 913 F.3d at 1161. A noncitizen who is subject to removal proceedings and has been continuously and physically present in the United States for 10 or more years may be eligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(A); *Pereira*, 138 S. Ct. at 2109. However, the "stop-time" rule states that once the noncitizen "is served a notice to appear under [8 U.S.C.] § 1229(a)," the period of continuous presence is "deemed to end." 8 U.S.C. §1229b(d)(1). *Pereira* addressed the "narrow question of" whether a notice to appear that did not meet the requirements of 8 U.S.C. § 1229(a) would trigger this rule. *Pereira*, 138 S. Ct. at 2110.
[44] *Karingithi*, 913 F.3d at 1161 (citing *Pereira*, 138 S. Ct. at 2110).

mention of the [immigration judge]'s jurisdiction."[45] Thus, the *Karingithi* Court held *Pereira*'s holding did not govern issues of jurisdiction.[46]

Defendant relies on *Pereira* to argue that 8 U.S.C. § 1229(a) governs the vesting of an immigration judge's jurisdiction. But the *Karingithi* Court explicitly rejected this argument, holding that *Pereira* does not apply. Accordingly, the issue Defendant presents is answered by *Karingithi*. The Court therefore applies *Karingithi*'s holding and finds that Defendant's notice to appear was sufficient to vest the immigration judge with jurisdiction.

**A. Karingithi is binding law on the Court.**

Recognizing *Karingithi*'s rejection of his argument, Defendant urges the Court in his reply brief not to apply the holding as binding precedent.[47] Defendant primarily argues that the Court should not apply the holding because the Ninth Circuit panel erred in its reasoning.[48]

The Court is not persuaded. It is well established that Ninth Circuit law is binding on all inferior courts within the circuit, including this Court.[49] As stated previously, the *Karingithi* panel answered the exact issue Defendant presented in his Motion.[50] And although Defendant challenges the validity of the panel's holding,

---

[45] *Id. See also Pereira*, 138 S. Ct. at 2117.
[46] *Karingithi*, 913 F.3d at 1161.
[47] *See* ECF No. 30 at 4–12.
[48] *Id.* at 4–10.
[49] *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001).
[50] *See Karingithi*, 913 F.3d at 1158; *see generally* ECF No. 27.

"[a] district court bound by circuit authority . . . has no choice but to follow it, even if convinced that such authority was wrongly decided."[51]

Defendant further argues that application of *Karingithi* would be inappropriate because *Karingithi* was a civil matter and Defendant's is criminal.[52] Although Defendant claims *Karingithi* should not be applied because the panel did not contemplate its application to criminal proceedings,[53] the holding answered the exact question Defendant presents here.[54] Further, several district courts in this circuit have applied *Karingithi* in criminal proceedings prosecuting aliens in the United States after deportation under 8 U.S.C. § 1326.[55] The Court agrees it is appropriate to apply it here.

In sum—and as stated by Defense Counsel in the motions hearing—the holding in *Karingithi* binds the Court's hands.

**B. The service of the notice of hearing on Defendant was proper.**

Defendant additionally argues that even if the Court applies *Karingithi*, the immigration judge nevertheless did not have jurisdiction.[56] Defendant interprets *Karingithi* to hold that "any potential jurisdictional defect arising from a putative Notice to Appear can be cured through subsequent service of a Notice of Hearing

---

[51] *Hart*, 266 F.3d at 1175.
[52] ECF No. 30 at 10–12.
[53] *Id.* at 11–12.
[54] *See Karingithi*, 913 F.3d at 1158; *see generally* ECF No. 27.
[55] For only a few examples, *see United States v. Montes–Garcia*, No. 18-CR-3828-WQH, 2019 WL 424680 (S.D. Cal. Feb. 4, 2019); *United States v. Arteaga–Centeno*, No. 18-CR-00332-CRB-1, 2019 WL 428779 (N.D. Cal. Feb. 4, 2019); *United States v. Rosas–Ramirez*, No. 18-CR-00053-LHK, 2019 WL 428783 (N.D. Cal. Feb. 4, 2019).
[56] ECF No. 30 at 12–14.

that does give the non-citizen notice of the time and place of removal proceedings."[57] "Thus," he states, "under *Karingithi*, the question becomes whether a valid Notice of Hearing was subsequently issued."[58]

Defendant argues his notice of hearing was not valid because it was not properly served in accordance with the applicable regulations.[59] He therefore believes his notice of hearing did not "cure" what he perceives to be a putative notice to appear, and the immigration judge was not vested with jurisdiction over his proceedings.[60] The Court is not persuaded by Defendant's argument for the following reasons.

### i) *The notice to appear properly vested the immigration judge with jurisdiction.*

Defendant's argument relies on the premise that the notice to appear served upon him was "putative" and failed to vest the immigration judge with jurisdiction. However, as explained above, the Court finds the notice to appear was not putative and properly vested the immigration judge with jurisdiction under *Karingithi*. Thus, under Defendant's argument, any deficiencies in the notice of hearing would not affect the immigration judge's jurisdiction. Given the Court's prior analyses and determinations, jurisdiction was properly vested.

/

/

---

[57] *Id.* at 12 (citing *Karingithi*, 913 F.3d at 1161–62).
[58] *Id.* at 13.
[59] *Id.* at 13–14.
[60] *Id.*

*ii) Karingithi did not address whether a notice of hearing cures jurisdictional defects.*

Further, the Court disagrees with Defendant's interpretation of *Karingithi*'s statements regarding the notice of hearing. The *Karingithi* Court held that "[a] notice to appear need not include time and date information" to properly vest jurisdiction in an immigration judge.[61] It continued to say "a notice of hearing specifying this information" must be "later sent to the alien."[62] However, the Court explicitly declined to find the jurisdictional effects of an improper notice of hearing because Karingithi had received a notice of hearing that "specified the time and date of her removal proceedings."[63]

*iii) The notice of hearing complied with regulations and procedures.*

Even assuming Defendant's position and interpretation of *Karingithi* is correct, the Court finds Defendant's notice of hearing was properly served and effectuated. A notice of hearing is required to be served "in person or by first class mail" to the defendant in removal proceedings.[64] However, the regulation does not require the notice to only be mailed to the party without care of another individual. Instead, if it is served by mail, the notice of hearing must be sent "to the most recent address contained in the Record of Proceeding."[65] And although Defendant argues

---

[61] *Karingithi*, 913 F.3d at 1160.
[62] *Id.* (quoting *Matter of Bermudez–Cota*, 27 I. & N. 441, 447 (BIA 2018)) (internal quotations omitted).
[63] *Karingithi*, 913 F.3d at 1162 ("[T]he hearing notices Karingithi received specified the time and date of her removal proceedings. Thus, we do not decide whether jurisdiction would have vested if she had not received this information in a timely fashion.").
[64] 8 C.F.R. § 1003.32(a).
[65] *Id.*

that 8 C.F.R. § 1003.32(a) "does not contemplate service on any person other than the party themselves *[sic]*," the regulation imposes no such restrictions.[66] The notice of hearing must contain "the time, place, and date of the hearing."[67]

Here, Defendant was detained at the time he would have received both the notice to appear and notice of hearing.[68] He was served with his notice to appear at the immigration detention center in Tacoma, Washington where he had been held.[69] On June 27, 2012, Defendant was properly served a notice of hearing via mail at the immigration detention center in Tacoma, care of a custodial officer.[70] Further, the notice of hearing contained both the time and date of his removal proceedings,[71] and the parties agreed at the Motion hearing that Defendant was present at the removal proceedings. The Court therefore finds that the notice of hearing was properly served in accordance with regulations and effective.

Because the Court found the notice to appear properly vested the immigration judge with jurisdiction, Defendant's argument that a proper notice of hearing would cure the jurisdictional defect is moot. Even assuming the notice to appear did not properly vest the immigration judge with jurisdiction, the service and effectiveness of Defendant's notice of hearing was proper. The immigration judge was therefore properly vested with jurisdiction.

/

---

[66] ECF No. 30 at 13; 8 C.F.R. § 1003.32(a).
[67] 8 C.F.R. § 1003.18(b).
[68] ECF No. 28 at 3.
[69] ECF No. 27-2 at 1–2.
[70] ECF No. 27-4.
[71] *Id. See also Karingithi*, 913 F.3d at 1162.

## V. Conclusion

After reviewing the pleadings and arguments by all parties, the Court holds that *Karingithi* is binding precedent and the immigration judge in Defendant's original deportation was properly vested with jurisdiction under that law. The Court further holds that Defendant's notice of hearing was served pursuant to all regulations and procedures, and his appearance at the hearing reflects its effectiveness.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Daniel Romero-Romero's Motion to Dismiss, **ECF No. 27**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel, the U.S. Marshal's Service, and the U.S. Probation Office.

**DATED** this  21st  day of March 2019.

<pre>                        s/Edward F. Shea
                        EDWARD F. SHEA
                Senior United States District Judge</pre>